Charisse **GRUBB**, Plaintiff,

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. 96 Civ. 3297 (HB).**

United States District Court,
S.D. New York.

Jan. 27, 1998.

Order Granting Reconsideration
March 10, 1998.

Charisse Grubb, Bronx, NY, pro se.

Sapna V. Raj, U.S. Atty's Office, New York, NY, for Defendant.

## OPINION AND ORDER

BAER, District Judge.[1]

Plaintiff Charisse Grubb brought this action under Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge the final decision of the Commissioner of Social Security ("the Commissioner"). Defendant moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") for an order affirming the decision of the Commissioner and dismissing the complaint. For the reasons stated below, this Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, the defendant's motion is denied and this case is reversed and remanded to the Commissioner solely for calculation of benefits.

## I. PRIOR PROCEEDINGS

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on August 4, 1993. Plaintiff's application was denied, as was her request for reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). On December 6, 1994, a hearing was held at which time the ALJ considered the case *de novo* and on April 26, 1995, the ALJ found that the plaintiff was not under a disability. The Appeals Council denied the plaintiff's request for review on February 9, 1996, at which time the ALJ's decision became the final decision of the Commissioner. On May 6, 1996, the plaintiff filed the instant complaint and a full year later the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) was *sub judice* before this Court. Thus, it took nearly four years after plaintiff applied for benefits until her case was before this Court. Before a decision was rendered, an attorney from the Legal Aid Society, Bronx, New York, asked for more time due to their prospective entry

---

**1.** Holly R. Lake, a second year student at New York Law School, assisted in the research and preparation of this decision.

into the case. I approved that request, but they eventually chose not to represent the plaintiff. This case represents just one more sad saga by a powerless New Yorker who, while ill and without legal assistance, has attempted to traverse the bureaucratic maze built by the Social Security Administration. *See also, Reiman v. Chater,* 1997 WL 773714 (S.D.N.Y. December 12, 1997) (Baer, J.).

## II. *STATEMENT OF FACTS*

### A. Non–Medical Evidence

Plaintiff was twenty-five years old at the time of the hearing. Her last year of education was the completion of ninth grade, and her last date of employment was in 1991, when she worked as a clerk. Plaintiff sustained this job for three weeks, after which she was terminated due to tardiness and absenteeism, which she claims was related to fatigue. Plaintiff suffers from uncontrolled Type I diabetes, which frequently causes a person to be overweight. Here plaintiff weighs 177 pounds and suffers from migraine headaches, the need for excessive sleep, frequent urination and back and leg pain. Plaintiff sometimes takes walks, but gets tired quickly and has difficulty climbing stairs. She also attends church two to three times a month. Plaintiff occasionally needs assistance putting on her pants when her leg is "dead." At home, plaintiff does dishes, listens to music and watches television. Plaintiff's mother takes care of the cleaning in her apartment and makes meals for her. Plaintiff travels by cab, but cannot travel by public transportation. R. at 20–29.[2]

### B. Medical Evidence

Plaintiff was seen at the Endocrine Clinic of Harlem Hospital on October 6, 1992. At that time plaintiff had been diagnosed with Type I, Insulin Dependent Diabetes Mellitus ("IDDM"). Regular and NPH Insulin were prescribed. Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on August 4, 1993. On August 13, 1993, in connection with the plaintiffs application,

Dr. Newsome from Harlem Hospital summarized plaintiff's condition in a letter, stating that she had been a patient at the Medical Clinic for three years and had been a diabetic since she was thirteen years old. R. at 67.

On October 6, 1993, a Dr. Grossman examined plaintiff at the request of the Social Security Administration ("SSA"). Plaintiff indicated several physical ailments she suffered from, including numbness and dizziness. Dr. Grossman stated that her range of motion of her lumbar and cervical spine were within normal limits, and that she had full range of motion in her joints. He diagnosed plaintiff with diabetes mellitus and opined that she had no gross evidence for functional impairment at the examination. R. at 68–70.

Dr. Newsome summarized his evaluation of plaintiff on October 28, 1994, at the request of the SSA. In his report, Dr. Newsome diagnosed plaintiff as having diabetes mellitus and hyperglycemia; he reported that plaintiff suffered from general weakness and urinary frequency and that her blood glucose level was elevated. He indicated that plaintiff was receiving insulin therapy for her diabetes. Dr. Newsome stated that plaintiff could sit for eight hours, but could not stand or walk continuously and that plaintiff was unable to lift anything. He stated that plaintiff could travel by cab, but not by bus or subway. Dr. Newsome further stated that in his opinion, plaintiff was temporarily disabled until her diabetes was "well controlled," which he estimated to be about two months. R. 98–104.

On January 20, 1995, after plaintiff's hearing before the ALJ, Dr. Newsome added in a letter that plaintiff was being treated for "severely difficult to control diabetes mellitus." Dr. Newsome stated that plaintiff would require visits for chronic menstruation disorder as well as diabetes. He indicated that plaintiff was still temporarily and partially disabled and that she therefore was in need of social security benefits. R. at 111. In a subsequent letter, dated March 10, 1995, Dr. Newsome again stated that plaintiff was still under his care for poorly controlled dia-

---

**2.** "R." refers to the page of the Administrative Record filed by the Commissioner with the Com-

missioner's Answer.

betes mellitus and therefore continued to be in need of benefits.[3] R. at 113.

## III. *DISCUSSION*

### A. Standard of Review and Applicable Law

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g) (1997); *see Diaz v. Shalala,* 59 F.3d 307, 312 (2d Cir.1995) (reviewing court must consider the Commissioner's findings conclusive when Commissioner's decision is supported by substantial evidence). The Supreme Court explained that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. of New York v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Havas v. Bowen,* 804 F.2d 783, 785 (2d Cir.1986). The Commissioner's decision is entitled to deference, and it is not for the trial court to review the Commissioner's decisions of fact and reasonable inferences drawn therefrom. *Reyes v. Secretary of Health, Education and Welfare,* 476 F.2d 910, 914 (D.C.Cir.1973); *Rodriguez v. Califano,* 431 F.Supp. 421, 423 (S.D.N.Y.1977). However, where, as here, the claimant appears pro se and is ill, the court has a duty to make a "searching investigation" of the record to be sure that the claimant's rights have been properly protected. *Batista v. Chater,* 972 F.Supp. 211 (S.D.N.Y.1997).

The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. § 423(d)(1)(A). Further, "an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). The plaintiff must show that the disease or impairment has caused functional limitations that prevent the engagement in any substantial gainful activity and that thus benefits are entitled. *Mongeur v. Heckler,* 722 F.2d 1033, 1037 (2d Cir.1983).

The Commissioner of Social Security has established a five-step evaluation process for making disability determinations. *See* 20 C.F.R. §§ 404.1520, 416.920. The Second Circuit has articulated the process as follows. The Secretary first considers whether the claimant is currently engaged in substantial gainful activity. If not, the Secretary next considers whether the claimant has a severe impairment which significantly limits her physical or mental ability to do basic work activities. If so, the third inquiry is whether the claimant has an impairment which is listed in Appendix 1 to 20 C.F.R. § 404, Subpart P. If so, the Secretary will consider the claimant to be disabled without considering vocational factors such as age, education and work experience. If the claimant does not have a listed impairment, the fourth inquiry is whether the claimant, despite her severe impairment, has the residual functional capacity to perform her past work. If not, the final inquiry is whether there is other work within the national economy which the claimant could perform. *Rivera v. Schweiker,* 717 F.2d 719, 722 (2d Cir.1983) (citations omitted); *see also Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982).[4] In determining

---

3. Plaintiff submitted new evidence to this Court, in an attempt to further support her claim. A court's review of the Commissioner's decision is to be based upon the administrative record. *See* 42 U.S.C. § 405(g). The Commissioner's decision that plaintiff was not disabled covered the period up to the date when the decision was issued by the ALJ—April 26, 1995. The new evidence bears dates from June 1996 through March 1997 and these reports do not appear to relate their findings back to the period in ques-

tion. Therefore, the plaintiff's new evidence cannot be considered by this Court. *See Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988); *Madrigal v. Callahan,* 1997 WL 441903 (S.D.N.Y. August 6, 1997).

4. The plaintiff bears the burden of proof under steps one through four. *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982). Upon reaching the fifth step, however, the burden shifts to the Commissioner to show there is other work in the

whether the claimant may perform other substantial employment, the Secretary is directed to evaluate the claimant on the basis of the following factors: age, education, physical ability and work experience. *Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir. 1984).

■■■ Where, as here, the claimant is proceeding *pro se*, the ALJ has a duty to assist the claimant in affirmatively developing the record and to insure that her rights are protected. In the case of a *pro se* claimant, the ALJ has a duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. *Rodriguez v. Callahan*, 971 F.Supp. 150, 153 (S.D.N.Y. 1997); *see also, Rodriguez v. Apfel*, 1997 WL 691428 (S.D.N.Y. Nov.4, 1997). At the very least, before denying a *pro se* claimant's application, the ALJ should advise the claimant that he considers the claimant's case unpersuasive and suggest that she produce additional evidence or call her treating physician as a witness. *Flanders v. Chater*, 1995 WL 608287 (S.D.N.Y. Oct.17, 1995). Here, as discussed below, the ALJ failed in his duty to assist plaintiff as he summarily rejected the opinion of her treating physician without even suggesting that plaintiff call him as a witness.

## B. The ALJ's Decision

Applying the five-step evaluation, the ALJ found that the plaintiff was not engaged in substantial gainful activity. R. at 12. The ALJ next found that the plaintiff did indeed suffer from a severe impairment—diabetes mellitus—which significantly limited her physical or mental ability to do basic work activities. The ALJ found that plaintiff's impairment, however, was not listed in Appendix I to 20 C.F.R. § 404, Subpart P, Regulations No. 4. R. at 13. Since plaintiff had no past relevant work experience, the ALJ did not address the issue of whether she could perform her past work. R. at 14. Fi-

nally, the ALJ found that the plaintiff had the residual functional capacity to perform other work within the economy. Specifically, the ALJ determined that plaintiff had the residual capacity to perform sedentary work. The ALJ thus determined that the plaintiff was not disabled and accordingly denied plaintiff's application for benefits.

## C. The ALJ's Decision Was Not Supported by Substantial Evidence

■■■ Upon a review of the record, I find that the ALJ's finding that plaintiff had the residual functional capacity to perform sedentary work was not supported by substantial evidence. First, I find that the ALJ improperly rejected the opinion of plaintiff's treating physician. It has long been recognized that the ALJ is required to give considerable weight to the expert opinions of the claimant's own treating physician. *See Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir. 1984). Under the regulations promulgated by the Commissioner, greater weight is to be given to the opinion of a treating physician than a non-treating physician. *Maier v. Chater*, 1997 WL 570938 (S.D.N.Y. Sept.5, 1997). The treating physician's opinion as to the claimant's disability is controlling if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d); *Singletary v. Apfel*, 981 F.Supp. 802 (W.D.N.Y. 1997); *Maier*, 1997 WL 570938 at *4. Where the ALJ determines that a treating physician's opinion is not well-supported, the regulations require the ALJ to accord the physician's statements some extra weight based upon several factors.[5] 20 C.F.R. § 404.1527(d)(2); *Singletary*, at 806.

Here, the record contains a report from plaintiff's treating physician, Dr. Newsome, dated October 28, 1994, which states that plaintiff is unable to work until her diabetes

national economy that the plaintiff can perform considering her physical and mental ability, her age and education, as well as her experience and training. *Id.*

**5.** These factors include the length of the treatment relationship, the nature and extent of the

relationship, the supportability of the source's opinion, the consistency with other medical evidence in the record, whether the opinion involves the speciality of the physician, and any other factors that might be relevant. *Singletary*, at 806.

is well controlled; he states again in a letter dated January 20, 1995 and in another dated March 10, 1995 that plaintiff is still temporarily and partially disabled and thus in need of benefits. While the ALJ disregarded Dr. Newsome's opinion, stating it was inconsistent with the examination results of Dr. Grossman, he never even bothered to call him as a witness and elicit his testimony in more detail and under oath. R. 13. Moreover the ALJ's statement that Dr. Newsome's opinion was inconsistent with Dr. Grossman's results is not supported by substantial evidence. While Dr. Grossman stated that plaintiff had no functional impairments, Dr. Grossman did not express an opinion as to what work, if any, plaintiff would be able to perform given her diabetes. *See Carroll v. Secretary of Health and Human Services,* 705 F.2d 638, 643 (2d Cir.1983) (ALJ's determination that plaintiff had the capacity to perform sedentary work was not supported by substantial evidence where, among other things, the doctors who examined plaintiff did not express opinion as to what work or activity plaintiff could perform); *Leftenant v. Schweiker,* 543 F.Supp. 989, 993 (S.D.N.Y.1982) (while non-treating physician expressed opinion regarding plaintiff's functional abilities, where non-treating physician did not dispute treating doctors' opinions that plaintiff was unable to work, the ALJ gave improper weight to treating physicians' reports). Therefore, Dr. Newsome's opinions were not inconsistent with the findings in Dr. Grossman's report.

In rejecting Dr. Newsome's opinion, the ALJ also found it significant that he had stated that plaintiff was temporarily disabled. R. 13. However, the ALJ disregarded the fact that Dr. Newsome's report indicates that plaintiff's condition lasted or was expected to last at least twelve months. R. at 100. The ALJ also relied on plaintiff's testimony that she engages in some exercise, attends church and watches television for five hours on a daily basis in rejecting Dr. Newsome's opinion. R. at 14. This is not an entirely accurate representation of plaintiff's testimony. Plaintiff testified that she does walk "but not that much, because like I say, I can't bend,

[and] I'll get tired ..." and also testified that she goes to church but that she does not go as much as she used to because "I haven't been feeling well." R. at 26. In any event, the fact that plaintiff could watch television and go to church does not necessarily mean that she can perform sedentary work. *See Carroll,* 705 F.2d at 643; *Reiman v. Chater,* 1997 WL 773714 (S.D.N.Y. December 12, 1997); *Murphy v. Secretary of Health and Human Servs.,* 872 F.Supp. 1153, 1159 (E.D.N.Y.1994). Thus, the ALJ should have afforded Dr. Newsome's opinions controlling weight.

Even if the ALJ could not assign controlling weight to Dr. Newsome's report, he should have evaluated the factors laid out in the regulations and assessed the weight to be given Dr. Newsome's opinion. Instead, the ALJ rejected Dr. Newsome's opinion in a few sentences. In light of the factors, I find that Dr. Newsome's opinion should be entitled to considerable weight; he had a long relationship with plaintiff, and he relied on clinical results (elevated blood sugar findings) in making his decision and his opinions were consistent with plaintiff's testimony as well as the other evidence. Moreover, since plaintiff is a *pro se* plaintiff, at the very least, the ALJ should have advised her that he considered Dr. Newsome's opinion and/or her case to be unpersuasive and suggest that she produce additional evidence or call Dr. Newsome as a witness or as noted that because plaintiff was *pro se,* that the ALJ call Dr. Newsome as a witness. *Flanders v. Chater,* 1995 WL 608287 (S.D.N.Y. Oct.17, 1995).

Moreover, as discussed above the Commissioner bears the burden of showing that there is other work in the national economy that plaintiff can perform considering her physical and mental ability, age and education, experience and training. *Berry,* 675 F.2d at 467. There was no evidence presented at the hearing from medical or other experts (e.g., vocational expert or social worker) that the plaintiff could engage in sedentary work as defined in the regulations or what that work might be.[6] *See Carroll,* 705 F.2d at 643. In addition, the ALJ ig-

---

**6.** Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and

carrying objects like docket files, ledgers and small tools. Although a sedentary job is defined

nored the evidence in the record that plaintiff was unable to travel by public transportation. R. at 103. Dr. Newsome's report indicates that plaintiff cannot travel by bus or subway. The plaintiff also testified, and it is uncontradicted, that she is unable to travel by public transportation. R. at 21. However, the ALJ made no findings with respect to the implications of plaintiff's inability to use public transportation on her ability to obtain substantial, gainful employment. Indeed, he did not even mention these facts in his decision. It is difficult to imagine how plaintiff can be considered able to engage in work if she cannot get there or get home. *See Flanders v. Chater,* 1995 WL 608287, *7 (S.D.N.Y. Oct.17, 1995) (plaintiff will not be able to engage in any substantial activity if she is unable to use public transportation).

## IV. *CONCLUSION*

For the reasons stated above, I find that the ALJ's determination that the plaintiff had the residual functional capacity to perform sedentary work was not supported by substantial evidence. Thus, defendant's motion for an order pursuant to Rule 12(c) affirming the decision of the Commissioner and dismissing the plaintiffs complaint is DENIED. Since it has been over four years since plaintiff initially applied for benefits and since I find that no purpose would be served by remand, the final determination of the Commissioner is REVERSED and this case is REMANDED to the Commissioner solely for the calculation and payment of benefits.

### SO ORDERED.

Charisse Grubb, Plaintiff,

v.

Kenneth S. Apfel,[1] Commissioner of Social Security, Defendant.

### *OPINION AND ORDER*

Plaintiff Charisse Grubb brought this action *pro se* to challenge the final decision of the Commissioner of Social Security ("the Commissioner"). The Commissioner moved pursuant to Rule 12(c) for an order affirming that decision. By Order and Opinion dated January 27, 1998, I denied the Commissioner's motion and remanded the case to the Commissioner solely for calculation and payment of benefits. A judgment was entered in this matter on February 2, 1998. The Commissioner now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3 for reconsideration of that Opinion and Order and for amendment of the judgment. For the reasons stated below, the motion for reconsideration and to amend the judgment is granted, and the case is remanded to the Commissioner for further administrative proceedings consistent with this and my opinion.

### I. *Discussion*

I based my prior decision in this case primarily on my determination that the Administrative Law Judge ("ALJ") failed to give the appropriate weight to the opinion of plaintiff's treating physician that plaintiff was disabled. I also found that the Commissioner failed, under the circumstances of this case, to meet his burden, i.e., to demonstrate the availability of other work in the national economy that plaintiff can perform, and again I relied on her treating physician's report. That report made it plain that plaintiff cannot travel by public transportation. In his motion for reconsideration, the Commissioner reveals for the first time that the report of the treating physician appears to have been altered. Although it is unfortunate and time consuming that the Commissioner did not bring this matter to the Court's attention previously, this information that the report may have been altered is troubling, especially since much of my prior Opinion was based on the findings in this

---

as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.967(a). Although sedentary work requires some lifting, Dr. Newsome's report indicates that plaintiff is unable to lift anything.

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Fed.R.Civ.P. 25(d), he should be substituted as defendant in this action.

report. Under 20 C.F.R. § 416.1488(c), a determination can be reopened at any time "if it was obtained by fraud or similar fault." I find that it would be a manifest injustice to award plaintiff on the basis of evidence that may have been altered and accordingly defendant's motion for reconsideration and for amendment of the judgment is granted.

## II. *Conclusion*

For the reasons stated above, the Commissioner's motion for reconsideration and to amend the judgment is GRANTED. This case is remanded to the Commissioner, pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and with my prior Opinion and Order. Specifically, on remand, the Administrative Law Judge shall accord the appropriate weight to the plaintiff's treating physician's opinion as provided in my prior Opinion and Order. However, considering the evidence that the report of the treating physician may have been altered, the ALJ will call the treating physician as a witness and elicit his testimony as to the accuracy of the report and his opinion as to the plaintiff's condition. In addition, on remand if the ALJ is unable to locate the plaintiff's treating physician and/or determines that more evidence is needed to evaluate the plaintiff's claim, he should obtain the opinion of a medical advisor, who has reviewed the medical evidence of record, as to the plaintiff's condition. Most importantly, the tasks and the findings that result therefrom, must be accomplished within 30 days or less and any happenstance that might suggest a delay is possible should be communicated to Chambers forthwith. Should this procedure fail, my original decision is reinstated and benefits will begin forthwith. This Court retains jurisdiction over this case.

**SO ORDERED.**