**Jeanette CASIANO, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 97 Civ. 7685(SHS)(AJP).**

United States District Court, S.D. New York.

Jan. 28, 1999.

Jeanette Casiano, New York City, pro se.

Susan D. Baird, Asst. U.S. Attorney, New York City, for defendant.

## ORDER

STEIN, District Judge.

Pursuant to an Order of Reference for a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) by this Court, Magistrate Judge Andrew J. Peck issued a Report and Recommendation dated December 22, 1998, recommending that the Court grant defendant's motion for judgment on the pleadings. Plaintiff subsequently filed written objections dated January 25, 1999, pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

After a *de novo* review of Magistrate Judge Peck's Report and Recommendation dated December 22, 1998, and after reviewing plaintiff's objections, and after determining that the new medical evidence submitted with plaintiff's objections (*i.e.,* the letter of Dr. Daras dated January 14, 1999), was not part of the administrative record, and is conclusory.

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Peck is adopted by this Court, and that defendant's motion for judgment on the pleadings is granted.

SO ORDERED.

## REPORT AND RECOMMENDATION

ANDREW J. PECK, United States Magistrate Judge.

**To The Honorable Sidney H. Stein, United States District Judge:**

Pro se plaintiff Jeanette Casiano brings this action pursuant to § 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security (the "Commissioner") to deny her disability benefits. The Commissioner has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

For the reasons set forth below, I recommend that the Court grant the Commissioner's motion for judgment on the pleadings.

## PROCEDURAL BACKGROUND

On October 31, 1994, Casiano filed an application for Social Security Supplemental Security Income ("SSI") benefits. (Administrative Record filed by the Commissioner [hereafter, "R."], at 40–45.) Casiano's application was denied on February 9, 1995, and again on reconsideration on March 3, 1995. (R. 55–58, 61–66.) At Casiano's request, a hearing was held before an administrative law judge ("ALJ") on November 2, 1995. (R. 27–39.) Casiano was represented by an attorney from the Legal Aid Society at that hearing. (*E.g.,* R. 29.) On February 15, 1996, the ALJ issued his decision finding that Casiano was not disabled. (R. 13–20 .) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Casiano's request for review on August 21, 1997. (R. 7–9.) This action followed.

## ANALYSIS

### I. THE COMMISSIONER'S MOTION SHOULD BE GRANTED BECAUSE THERE IS SUBSTANTIAL EVIDENCE TO SUPPORT THE COMMISSIONER'S FINDING THAT CASIANO COULD PERFORM HER PRIOR WORK

#### A. Casiano's Conclusory and Unsupported Allegations Are Insufficient to Sustain Her Burden on Review of the Commissioner's Decision

In a proceeding to judicially review a final decision of the Commissioner, the

plaintiff bears the burden of establishing the existence of a disability. *See, e.g., Aubeuf v. Schweiker*, 649 F.2d 107, 111 (2d Cir.1981) ("It is well established that the burden of proving disability is on the claimant."); *Dousewicz v. Harris*, 646 F.2d 771, 772 (2d Cir.1981); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980); *Adams v. Flemming*, 276 F.2d 901, 903 (2d Cir.1960) ("The controlling principles of law upon [judicial] review [of a Social Security denial] are well established ..., namely, 'the burden of sustaining the claim for benefits is on the claimant' and 'The findings of the Social Security Agency are final and binding if there is a substantial basis for them.'"); *Ortiz v. Shalala*, 93 Civ. 3561, 1994 WL 673630 at * 1 (S.D.N.Y. Dec.1, 1994); *Morton v. Heckler*, 586 F.Supp. 110, 111 (W.D.N.Y.1984); 2 Harvey L. McCormick, *Social Sec. Claims & Proc.* § 731 (4th ed. 1991) ("In a proceeding to review judicially a final decision of the [Commissioner], the plaintiff has the burden of establishing the correctness of [her] contention. The procedure is akin to that in a regular civil appeal under the Fed. Rules Civ.Proc....") (fn.omitted).

Here, Casiano claims that the Court should grant her SSI disability because of her "numerous physical symptoms, medical history, office visits, consultations, ambulatory services, diminishing health, medical diagnosis and prognosis of doctors (during the last fourteen years.)" (Casiano Aff. ¶ 2.) Casiano does not point to any specific testimony or evidence which she believes the ALJ overlooked, unjustly weighted, or otherwise should have considered, although by submitting new evidence that she is currently disabled, as discussed at pages 7–11 below, Casiano implicitly acknowledges that she must do more than state that the ALJ was wrong. Casiano's

allegations are overly broad and conclusory, and without more, are not sufficient to defeat the Commissioner's motion for judgment on the pleadings. *E.g., Counterman v. Chater*, 923 F.Supp. 408, 414 (W.D.N.Y.1996) (court rejects plaintiff's allegations that the ALJ "failed to consider [minor claimant's] parent's testimony as medical evidence, failed to consider all the medical evidence, failed to consider [child's] mother's testimony with respect to the IFA analysis, and failed to render his decision based upon the record as a whole," on the ground that they are "broad and conclusory. She offers no specific testimony or evidence which she believes that the ALJ overlooked and should have considered."); *Steiner v. Dowling*, 914 F.Supp. 25, 28 n. 1 (N.D.N.Y.1995) (rejecting plaintiff's argument that the State's social security regulations are too restrictive as "neither sufficiently explained nor seriously advanced by plaintiff's—providing only a single conclusory paragraph in their Statement of Undisputed Facts ..., and in their Attorney's Affirmation...."); *see, e.g., Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (district court correctly granted defendants' 12(b)(6) motion to dismiss plaintiff's "'unsupported, speculative, and conclusory'" retaliation conspiracy allegations); *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir.1996) (plaintiff's "assertions are wholly conclusory and are not sufficient to defeat a ... motion to dismiss"); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996) ("'A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'"); *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir.1990) ("A conclusory allegation ... without evidentiary support or allegations of particularized incidents, does not state a valid claim.").[1]

---

1.  *See also, e.g., Butts v. City of New York Dep't of Preservation & Dev.*, 91 Civ. 5325, 1998 WL 13851 at *5 (S.D.N.Y. Jan.15, 1998) (Stein, D.J.) (granting defendant summary judgment in Title VII action because plaintiff "simply [made] a series of unsupported and conclusory allegations"); *Henriquez v. Times Herald*

*Record*, 97 Civ. 6176, 1997 WL 732444 at *6 (S.D.N.Y. Nov.25, 1997) (Stein, D.J.) (same); *Pravda v. City of Albany*, 956 F.Supp. 174, 182 (N.D.N.Y.1997) (granting individual officers' motion for judgment on the pleadings in § 1983 action because plaintiff's "conclusory allegations are insufficient to establish the

## B. *The Commissioner's Decision Was Supported By Substantial Evidence*

Even if Casiano's conclusory allegations are sufficient to state a claim, defendant's motion for judgment on the pleading should be granted because the Commissioner's decision as supported by substantial evidence. The applicable law regarding judicial service of the Commissioner's denial of SSI benefits is set forth in *Tejada v. Callahan*, 993 F.Supp. 193, 199–200 (S.D.N.Y.1998) (Stein, D.J. & Peck, M.J.) (and authority cited therein), and will not be repeated herein.

Using the five-part test set forth in 20 C.F.R. §§ 404.1520 & 416.920, the ALJ found that Casiano could do sedentary work, and therefore did not satisfy the fourth factor requirement that Casiano be unable to perform her past work, in this case as a receptionist. (R. 17–20.)[2] *See, e.g., Tejada v. Callahan*, 993 F.Supp. at 200 ( & cases cited therein). Specifically the ALS found that Casiano

has the residual functional capacity to perform work-related activities except for work involving heavy lifting and carrying and extensive bending (20 C.F.R. [§ ] 416.945). [Casiano's] past relevant work as a receptionist did not require the performance of the work[-]related

activities precluded by the above limitations (20 C.F.R. [§ ] 416.965). [Casiano's] impairments do not prevent [her] from performing her past relevant work.

(R. 19–20.)

■ There is substantial evidence to support the ALJ's determination that Casiano was able to perform sedentary work and therefore was not disabled. Two of Casiano's treating physicians, Dr. Perez, Casiano's physical therapist, and Dr. Tamarin, who evaluated Casiano on October 26, 1995, stated that "work on a regular and continuous basis [would not] cause [Casiano's] condition to deteriorate." (R. 136, 153.) Dr. Tamarin also found that Casiano could "sit [for] up to 45 minutes continuously and for a total of 4 hours in an 8–hour workday[;] stand up to 30 minutes continuously and for a total of 6 hours in an 8–hour workday [and;] walk up to 30 minutes continuously and for a total of 1 hour in an 8–hour workday." (R. 134.) Dr. Kleiman, another of Casiano's treating physicians, assessed that Casiano could "sit [for] up to 5–6 hours continuously and for a total of 5–6 hours in an 8–hour workday[;] stand up to 2 hours continuously and for a total of 4 hours in an 8–hour workday [and;] walk up to 20–30 minutes continuously and for a total of 1 hour in an 8–hour workday." (R. 158.) Dr. Gevirtz, who was Casiano's then most recent treat-

personal involvement of [the] individual defendants"); *Mills v. Seitz*, 86 Civ. 6720, 1987 WL 19025 at *1 (S.D.N.Y. Oct.21, 1987) (granting defendants motion for judgment on the pleadings in § 1983 action where pro se prisoner "failed to specifically allege actions taken by defendants which violated his constitutional rights"); *see generally* Southern District of New York Local Civil Rule 7.1 ("all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion.... Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.").

2. Sedentary work is defined as involving "lifting no more than 10 pounds at a time and

occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 416.967(a) & 404.1567(a). It is generally agreed by both the Commissioner and the Second Circuit that sedentary work involves sitting six hours out of an eight hour work day. *See, e.g., Ferraris v. Heckler*, 728 F.2d 582, 587 n. 3 (2d Cir.1984); *Walzer v. Chater*, 93 Civ. 6240, 1995 WL 791963 at *9 (S.D.N.Y. Sept.26, 1995) (Kaplan, D.J. & Peck, M.J.).

ing physician, stated on October 27, 1995 that Casiano could continuously carry up to five pounds and lift up to ten pounds, frequently carry up to ten pounds and lift up to twenty pounds, and occasionally carry and lift up to fifty pounds. (R. 142.)

Dr. Graham, a consultative doctor, assessed Casiano as having back pain "with mild functional deficit," but found that Casiano was "able to sit, stand, walk, carry, handle objects, hear, speak and travel. Lifting is limited by back pain." (R. 109.) Dr. Seo, another consultative doctor, found in January 1995 that Casiano could "hyperflex" and "hyperextend" her arms without pain. (R. 121.) He also found that Casiano's reflexes were rated one plus, she had "no sensory defect," her "fine motor coordination of the hands" was "normal," and her "[m]uscle strength of both hands [was] grade 5/5." (R. 121–22.) Significantly, Dr. Seo assess that Casiano's prognosis was "fair," though "functionally, due to above condition, [Casiano] may have difficulty bending, lifting, and carrying heavy objects." (R. 122.)

Further, none of the MRIs taken between 1994 and 1995 showed that Casiano had a severe back problem. An MRI taken on May 3, 1995, showed that Casiano had only "[m]ild degenerative changes at L5–S1 [and][n]o evidence of neurofibromas." (R. 126; 147; 248.) Another MRI, taken on September 7, 1995, showed a "[n]ormal MRI of the cervical spine." (R. 148, 247.)

Casiano's abilitites to lift up to ten pounds, sit for six hours a day and walk and stand for an hour a day qualify Casiano for sedentary work under 20 C.F.R. §§ 416.967(a) & 404.1567(a).

Accordingly, this Court finds that there is substantial evidence in the record to support the ALJ's determination that Casiano had the functional capacity to perform her prior work.

## II. THE COURT SHOULD NOT RE-VIEW THE NEW EVIDENCE CASI-ANO SUBMITTED BECAUSE IT WAS NOT PART OF THE ADMINISTRATIVE RECORD, NOR SHOULD THE COURT REMAND THIS ACTION TO THE COMMISSIONER FOR CONSIDERATION OF THE NEW EVIDENCE SINCE IT IS NOT RELEVANT TO CASI-ANO'S CONDITION DURING THE TIME PERIOD FOR WHICH SSI BENEFITS WERE DENIED

In support of her appeal, Casiano submitted three letters from Doctors R. Alexandrescu, Guadolope Gonzalez and Michael Daras, all of which are dated October 1998—almost three years after the administrative hearing—which state that Casiano cannot work *at present.* (Casiano Aff. ¶ 2 & Exs. A–C: 10/8/98 Dr. Daras letter, 10/7/98 Dr. Alexandrescu letter & 10/5/98 Dr. Gonzalez letter.) These reports are not part of the administrative record.

Evidence not contained in the administrative record may not be considered when reviewing the findings of the Commissioner. *See, e .g.,* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . ."); *Carnevale v. Gardner,* 393 F.2d 889, 891 n. 1 (2d Cir.1968) (district court correctly refused to consider materials not properly in administrative record); *Castro v. Acting Comm'r of Soc. Sec.,* 97 Civ. 5364, 1998 WL 846749, at 10 n. 11, 1998 U.S. Dist. LEXIS 18973 at *30 n. 11 (S.D.N.Y. Nov. 5, 1998) (new evidence not considered because "this court is limited in its review to the record before the Commissioner"), *report & rec. adopted by* 1998 WL 846749, 1998 U.S. Dist. LEXIS 18969 (S.D.N.Y. Dec. 2, 1998); *Grubb v. Chater,* 992 F.Supp. 634, 637 n. 3 (S.D.N.Y.1998) (new evidence not considered because "[a] court's review of the Commissioner's decision is to be based upon the administrative

record"); *Madrigal v. Callahan*, 96 Civ. 7558, 1997 WL 441903 at *7 (S.D.N.Y. Aug.6, 1997) ("in reviewing decisions of the Commissioner, this Court cannot consider new evidence not made part of the administrative record"); *Quinones v. Chater*, 94 Civ. 6249, 1996 WL 39301 at *3 (S.D.N.Y. Jan.31, 1996) ("Evidence not contained in the administrative record may not be considered when reviewing the findings of the Commissioner."); *Chiappa v. Secretary of Dep't of Health, Educ. & Welfare*, 497 F.Supp. 356, 362 n. 4 (S.D.N.Y.1980) ("letters, not produced at the hearing, may not be considered in determining whether the record is supported by substantial evidence"). The Court therefore will not consider the three October 1998 doctors' letters as additional evidence of Casiano's disability.

Although the Court cannot consider new evidence, this Court may remand to the Commissioner to consider new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Second Circuit has summarized the three-part showing required by this provision as follows:

> '[A]n appellant must show that the proffered evidence is (1) " 'new' and not merely cumulative of what is already in the record," and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier.'

*Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir.1991) (citations omitted) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)); *accord, e.g., Lisa v. Secretary Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir.1991); *Hursey v. Apfel*, No. 97–CV–4757, 1998 WL 812585 at *4 (E.D.N.Y. April 27, 1998); *Tracy v. Apfel*, No. 97–CV–4357, 1998 WL 765137 at *4 (E.D.N.Y. April 22, 1998); *Madrigal v. Callahan*, 1997 WL 441903 at *7–8; *Counterman v. Chater*, 923 F.Supp. 408, 414 (W.D.N.Y.1996); *Quinones v. Chater*, 1996 WL 39301 at *3; *Rosado v. Sullivan*, 805 F.Supp. 147, 157 (S.D.N.Y.1992); *Timmons v. Sullivan*, 88 Civ. 6612, 1989 WL 156300 at *8–9 (S.D.N.Y. Dec.19, 1989).

In this case, the new doctors' evaluations are not material to Casiano's claim, because they evaluate Casiano's claim as of October 1998, more than a year after the Commissioner rendered his final decision in this action on August 21, 1997 (R. 7–8), and therefore are not relevant to Casiano's condition during the time period for which benefits were denied. *See, e.g., Hursey v. Apfel*, 1998 WL 812585 at *4 ("To be material, [new] records must be relevant to the claimant's condition during the period for which benefits were denied and must raise a reasonable possibility that the new evidence would have influenced the decision maker to decide the claim differently."); *Grubb v. Chater*, 992 F.Supp. at 637 n. 3 ("The Commissioner's decision that plaintiff was not disabled covered the period up to the date when the decision was issued by the ALJ—April 26, 1995. The new evidence bears dates from June 1996 through March 1997 and these reports do not appear to relate their findings back to the period in question. Therefore, the plaintiff's new evidence cannot be considered by this Court."); *Counterman v. Chater*, 923 F.Supp. at 414 ("the [new] evidence submitted by plaintiff fails to meet the standards set forth in *Jones*" for remand to consider new evidence because, *inter alia*, "it does not appear relevant to [claimant's] condition during the time period for which benefits were denied"); *Rosado v. Sullivan*, 805 F.Supp. at 157 (standard for remand to consider new evidence not met because "plaintiff ... has not

made a sufficient showing that the proffered evidence is either 'probative' or 'relevant to [her] condition during the time periods for which benefits were denied,' *i.e.,* on or prior to [the date of the ALJ's decision]"); *Timmons v. Sullivan,* 1989 WL 156300 at *9 (plaintiff failed to meet standard for remand to consider new evidence because, *inter alia,* "[t]he three medical reports submitted, solicited by [plaintiff's] counsel just prior to the filing of [plaintiff's] brief, are not material to the evaluation of [plaintiff's] claim in that they are not relevant to [plaintiff's] condition during the time period for which benefits were denied. These reports evaluate [plaintiff's] condition as of the summer of 1989 a full year to year and one-half later than the [Commissioner's] final decision in this action rendered on March 19, 1988.").

Accordingly, the Court need not order the Commissioner to consider this additional evidence. Casiano may, however, file a new application for SSI benefits with the Social Security Administration based upon her treating physician's opinions that she is currently unable to work.

### *CONCLUSION*

For the reasons set forth above, upon review of the administrative record, I find that the Commissioner has presented substantial evidence that Ms. Casiano was "not disabled" within the meaning of the Social Security Act and had the residual functional capacity to perform her past work. The Court cannot consider, and need not remand for the Commissioner's consideration, the new medical evidence presented by Casiano. Accordingly, I recommend that the Court grant the Commissioner's motion for judgment on the pleadings.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Stein. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).