**Joan M. JONES, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 1945, Docket 90–6278.**

United States Court of Appeals, Second Circuit.

Argued Aug. 16, 1991.

Decided Nov. 14, 1991.

Armand P. LeMura, Rochester, N.Y., for plaintiff-appellant.

David L. Brown, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, New York City (Frederick J. Scullen, Jr., U.S. Atty., N.D.N.Y., Michael J. Astrue, Gen. Counsel, Annette H. Blum, Chief Counsel–Region II, Dept. of Health and Human Services), for defendant-appellee.

Before MINER, WALKER and McLAUGHLIN, Circuit Judges.

WALKER, Circuit Judge:

Plaintiff Joan M. Jones appeals from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*), affirming the decision of the Secretary of Health and Human Services (the "Secretary") denying her claim for disability insurance under the Social Security Act (the "Act"). Jones presents additional evidence to this court for the first time to support her claim; the principal question raised on appeal is in what manner and context this evidence should be reviewed. Before reaching that question, however, we must first consider whether the decision of the district court, made without the new information, is supported by substantial evidence.

### Background

Jones is 56 years old and has completed the eighth grade. She worked as a candle decorator for six years, employment classified by the Administrative Law Judge ("ALJ") as light to medium exertion level. She has not worked since 1976.

Jones suffers from chronic asthma, and on July 15, 1976, she quit her job as a candle decorator. From that time through December 31, 1980, however, her condition was largely controlled by medication. Jones did visit the hospital on two occasions, but she recovered uneventfully from each episode. In March, 1977, she was hospitalized for ten days, requiring intubation to treat an acute asthmatic episode. Upon discharge, however, she was in no respiratory distress according to her physician at the time, Dr. William Woodin. On July 20, 1980, Jones went to the emergency room at Upstate Medical Center in Syracuse complaining of wheezing. She was given oxygen and was discharged that day and was "feeling comfortable."

There is some evidence that plaintiff's condition worsened after December 31, 1980, and that she may have become disabled thereafter. That fact is irrelevant to the determination of the instant case, since Jones concedes that in order to qualify for benefits, she must establish that she became disabled on or before December 31, 1980, the date her insured status expired. *See* 42 U.S.C. § 423(c)(1) (1988).

On July 14, 1986, Jones applied for a period of disability and disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 416(i) and 423 (1988). Jones alleged an inability to work beginning July 15, 1976, due to severe chronic asthma.

After the denial of her initial application for benefits, Jones requested a hearing be-

fore an ALJ. On March 6, 1987, ALJ John R. Tarrant held a hearing, with Jones appearing *pro se,* and on June 12, 1987 he denied her claim. The ALJ found that Jones was capable of working as a candle decorator and thus that she was not disabled within the meaning of the Social Security Act. On September 4, 1987, the decision of the ALJ became the final decision of the Secretary.

Jones then sought judicial review of the Secretary's final decision pursuant to 42 U.S.C. § 405(g) (1988) in the United States District Court for the Northern District of New York. The district court referred the case to Magistrate Gustave J. DiBianco, who issued a Report and Recommendation rejecting plaintiff's claims that (1) the Secretary failed to give special weight to the opinion of a treating physician and therefore failed to follow the Second Circuit's treating physician rule; (2) the record did not contain any evidence contradicting the opinions of plaintiff's treating physicians; (3) the Secretary failed to recognize the retrospective opinions of plaintiff's treating physicians; (4) the ALJ gave improper emphasis to plaintiff's homemaking skills; and (5) the Secretary's decision is not supported by substantial evidence in the record. The district court adopted the magistrate's recommendations, and this appeal followed.

### Discussion

Jones' appeal raises two issues: first, whether the decision of the district court to uphold the Secretary's denial of claimant's request for disability benefits is supported by substantial evidence; second, whether the additional evidence claimant has presented to this court for the first time on appeal justifies remanding her case for reconsideration.

The Social Security Act states that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g) (1988). Substantial evidence is defined as evidence which a " 'reasonable mind might accept as adequate to support a conclusion' ". *Richardson v. Pearles,* 402 U.S. 389, 401, 91

S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). *See also Alvarado v. Califano,* 605 F.2d 34, 35 (2d Cir.1979) (per curiam). As we stated in *Valente v. Secretary of Health & Human Servs.,* 733 F.2d 1037, 1041 (2d Cir.1984), "[t]he court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon a *de novo* review."

■ Using this standard, and considering only the evidence that was before the Secretary, we find, as did the district court, that the Secretary's decision that plaintiff was not disabled prior to December 31, 1980 is supported by substantial evidence. Plaintiff's first argument, therefore, fails to merit a reversal of the district court's decision.

■ In reaching this conclusion, we reject plaintiff's contention that the Secretary failed to properly apply this circuit's "treating physician" rule. The treating physician rule states that the treating physician's opinion on the subject of medical disability is "(1) binding on the fact-finder unless contradicted by substantial evidence and (2) entitled to some extra weight, even if contradicted by substantial evidence." *Schisler v. Bowen,* 851 F.2d 43, 47 (2d Cir.1988).

In the administrative proceeding, the ALJ sought the opinion of the only doctor who treated plaintiff prior to December 31, 1980, Dr. Woodin. The ALJ wrote a letter advising the doctor that "it must be demonstrated that [Jones] was disabled and unable to work on or prior to December 31, 1980." Dr. Woodin stated in a March 27, 1987 letter to the ALJ that plaintiff had chronic asthma and exhibited signs of emphysema and concluded that "there is no doubt that she is disabled." However, Dr. Woodin was silent as to whether Jones was disabled during the operative period, July, 1976 through December 31, 1980. The ALJ did not inquire further as to the meaning of Dr. Woodin's silence on this critical issue.

Plaintiff had two other physicians, both of whom began to treat plaintiff after 1980. In a letter dated February 20, 1987, Dr. Michael Shaw, who began to see plaintiff in January, 1987, stated that plaintiff was totally disabled and in his opinion had been for many years. Dr. Shaw did not indicate, however, whether the plaintiff's disability pre-dated December 31, 1980.

Similarly, Dr. Ronald Miller wrote in a letter dated February 24, 1987, that plaintiff could not currently conform to a work schedule and opined that plaintiff was disabled. He had no opinion about her condition prior to 1987.

We agree with the decision of the district court that a "fair reading of Dr. Woodin's March 27, 1987 letter, together with the ALJ's request, compels the conclusion that Dr. Woodin refrained from expressing any opinion about disability prior to December 31, 1980." As for the other two doctors, "their opinions are clearly relevant only to 1987 and cannot be read as expressing any view about 1980." Since none of the doctors who treated Jones expressed an opinion about plaintiff's ability to work prior to December 31, 1980, plaintiff's contention that the treating physician rule has been misapplied is without merit. As the district court found, the "record does not support, and there is no evidence in the record to show, that plaintiff was disabled prior to December 31, 1980. Since plaintiff's last date of insured coverage is December 31, 1980, the denial of benefits is supported by substantial evidence in the record."

■ Jones' final argument on appeal is that the case should be remanded to the Secretary for consideration of new medical evidence. The new evidence in question consists of a statement from Dr. Woodin dated March 26, 1991, in which he summarizes Jones' medical history and concludes that "she has been completely disabled from performing gainful work since 1964."

The Social Security Act provides that a court may remand a case to the Secretary to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (1988).

■ This court has summarized the three-pronged requirement as follows:

[A]n appellant must show that the proffered evidence is (1) " 'new' and not merely cumulative of what is already in the record," *Szubak v. Secretary of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir.1984), and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative, *see Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir.1975). The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. *See Szubak*, 745 F.2d at 833; *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Finally, claimant must show (3) good cause for her failure to present the evidence earlier. *See Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir.1985) (good cause shown where new diagnosis was based on recent neurological evaluation and assessment of response to medication required observation period).

*Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988).

■ The district court has yet to review Dr. Woodin's March 26, 1991 letter. As we have stated in the past, "[t]he application of [the three-pronged] standard for the introduction of new evidence presents factual issues that ordinarily are best first passed upon by the district court." *Tirado*, 842 F.2d at 597. *See Carroll v. Secretary of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir.1983). Only when the appeals court can determine that the new evidence is sufficient as a matter of law to require a new hearing is remand from the appeals court directly to the Secretary appropriate, *Tirado*, 842 F.2d at 597, *see Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir.1981). We cannot make such a determination here.

Although we decline to decide whether remand to the Secretary is appropriate, it

may be useful to contrast this case with our recent decision in *Lisa v. Secretary of Health & Human Servs.*, 940 F.2d 40 (2d Cir.1991). The new evidence considered in *Lisa* was similar to that considered here, but distinctions between the two cases may merit a different outcome in determining whether good cause exists.

The new evidence considered in *Lisa* consisted of a letter from plaintiff's doctor stating that plaintiff had been unable to work as of a certain date. We determined that the letter could not be considered by the Secretary on remand because Lisa did not show good cause for the failure to incorporate the new evidence in the original record.

In finding good cause lacking, we observed that "the ALJ stressed at the hearing the need for Lisa to submit medical reports regarding her functional capacity as of the time when she enjoyed insured status, and received in evidence reports proffered by Lisa subsequent to the hearing." *Id.* at 46. Although Lisa was a *pro se* applicant, she had "repeatedly solicited disability certification," *id.*, and we therefore concluded that she "understood the desirability of obtaining an assessment of disability." *Id.* In light of this demonstrated understanding of the hearing process, we held that Lisa's *pro se* status did not provide good cause for her failure to incorporate the newly proffered evidence in the original proceeding.

In the instant case, however, there is reason to believe that Jones' *pro se* status may have hindered the prosecution of her claim. Unlike Lisa, it is apparent that Jones was relying on the ALJ to secure the necessary information from her treating physicians. When Dr. Woodin responded somewhat ambiguously to the ALJ's request for an assessment of Jones' condition, the ALJ did not follow up by making clear to the doctor the importance of making a precise statement on the duration of Jones' disability. As a result, there was no evidence before the ALJ that Jones was disabled during the relevant period. Jones' passive role in the proceeding indicates that she may not have understood the impor-

tance of obtaining specific evidence of the date of onset of her disability. Accordingly, in contrast to *Lisa*, Jones' *pro se* status may provide good cause for her failure to introduce this evidence in the prior proceeding.

It is not "our job as an appellate court to examine new evidentiary materials and find issues of fact." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981). Accordingly, the case is remanded to the district court for it to determine whether the newly offered evidence is sufficient to warrant a remand to the Secretary to reconsider plaintiff's application.

Vacated and remanded.