104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Kenneth W. BARTLETT, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6009.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Herbert Watstein, Bristol, CT.
 Deirdre A. Martini, Assistant United States Attorney, District of Connecticut, Bridgeport, CT.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Kenneth Bartlett worked as a machine operator in a foundry for 12 years, until he was laid off on December 15, 1974. Bartlett seeks disability benefits from the date of his lay-off to March 31, 1979, the date his insured status expired. Prior to his layoff at the foundry, Bartlett was diagnosed with a 10% disability after undergoing back surgery. In 1973-1974 he underwent psychiatric treatment for depression and anxiety, which his psychiatrist, Dr. Bean, concluded stemmed from low self-esteem and inability to perform work, all due to his back problems.
 
 
 4
 After his disc surgery, Bartlett returned to work, and was laid off in December of 1974. In November, 1976, Bartlett was treated for 12 days in Bristol Hospital for depression stemming from his back problems and loss of work. After the termination of his insured status he was treated on different occasions for worsening depression, suicidal ideation, alcohol abuse, and cocaine abuse.
 
 
 5
 On January 11, 1990, Bartlett filed for disability coverage due to his back and psychological problems, which the Secretary denied. His request for reconsideration was also denied. He appealed to an Administrative Law Judge ("ALJ") who affirmed the Secretary's decision, reasoning that: (1) Bartlett had returned to work after his disc surgeries; (2) psychiatric evaluation revealed that Bartlett needed to work to improve his psychic health; and (3) Bartlett's mental health had deteriorated recently, but there was no evidence that it had deteriorated during the period of insured status to the point of disability.
 
 
 6
 Bartlett requested review of the ALJ's decision by the Appeals Council in the Fall of 1991. He submitted an October, 1991 letter from Dr. Bean (written after the ALJ made his decision) updating his assessment of Bartlett's condition. The letter stated that Bartlett was unable to cope with changes in his environment or adapt to therapies. After considering the additional letter, the Council concluded that there was "no new and objective medical evidence" justifying a change in the ALJ's decision, and denied the request for review.
 
 
 7
 Bartlett appealed to the District Court for the District of Connecticut, arguing that: (1) the ALJ did not give controlling weight to his treating doctor's assessment; and (2) the Secretary's conclusion was not supported by substantial evidence. Chief Judge Dorsey referred the matter to a Magistrate Judge Martinez. Both sides filed motions for summary judgment.
 
 
 8
 Magistrate Martinez rejected Bartlett's claims, reasoning that the ALJ considered the treating psychiatrist's medical reports for both the period during and the period after Bartlett's insured status, and noted that they deserved additional weight. Magistrate Martinez also concluded that there was substantial evidence supporting the denial of benefits because Bartlett: (1) did not have limits on his social functions as evidenced by his continued participation in a social club; (2) did not have restrictions on his daily living activities because, during his insured status, his depression was moderate, he hunted, fished, pursued a G.E.D., and sought vocational rehabilitation; (3) did not have deterioration at work because (a) he stopped work because he was fired, not because of his disability, and (b) because he testified that he could still perform any job in his department.
 
 
 9
 The Magistrate further noted that the Appeals Council was correct in concluding that Dr. Bean's October, 1991 letter did not present any new evidence justifying a change in the ALJ's decision because the letter neither "focuses on nor clarifies the plaintiff's medical condition during the period in question." Further, the Magistrate concluded that Bean's references to Bartlett's suicidal ideation, self-mutilation and other symptoms pertained to the period after the termination of Bartlett's insured status. Magistrate Martinez noted that while the letter implies that Bartlett was under Bean's continuing treatment from 1974, the record indicates that Bean saw Bartlett only from February 1973 to January 1974, again in November of 1976, and not again until after the termination of his insured status.
 
 
 10
 Bartlett appeals, arguing that: (1) there was no substantial evidence supporting the Secretary's decision to deny disability benefits; (2) the District Court ignored the Treating Physician Rule; (3) the ALJ erred by not calling a vocational expert; and (4) the Appeals Council should have remanded the case to the Administrative Law Judge to consider the October, 1991 letter from Dr. Bean.
 
 
 11
 1. Substantial Evidence. Bartlett argues that the ALJ's decision is not supported by substantial evidence. The district court concluded that the Secretary's findings were supported by substantial evidence. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir.1991) (substantial evidence is what reasonable mind might accept as adequate to support a conclusion).
 
 
 12
 We affirm this determination for substantially the same reasons set forth in Magistrate Judge Martinez's Recommended Ruling, as adopted by Chief Judge Dorsey. Bartlett v. Chater, No. 2:92CV00433 (PCD) (D.Conn. November 14, 1995).
 
 
 13
 2. Treating Physician Rule. Bartlett argues that the ALJ ignored the treating physician rule, which gives controlling weight to the opinion of the claimant's doctor. The district court concluded that the treating physician's opinion was inconsistent with the other substantial evidence and should not be given "controlling weight." See 20 C.F.R. § 404.1527(d)(2).
 
 
 14
 Again, we affirm this determination for substantially the same reasons set forth in Magistrate Judge Martinez's Recommended Ruling, as adopted by Chief Judge Dorsey.
 
 
 15
 3. Vocational Expert. Bartlett argues that because he established that he was unable to perform his former work, the Secretary was under an obligation to call a vocational expert to establish that Bartlett could find substantial gainful employment.
 
 
 16
 There is a five-step process used to evaluate disability claims. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam). First, the Secretary determines if the claimant is engaged in substantial gainful activity. Second, if he is not, then the Secretary considers whether he has an impairment. Id. If there is an impairment, the third step is to inquire whether the impairment is listed in the Social Security Regulations. Id. If it is, the Secretary will consider the claimant disabled without considering vocational factors. Id. Fourth, if the impairment is not listed, the Secretary determines whether the claimant has residual capacity to perform past work. Id. If he does not have such capacity, at the fifth stage, the Secretary must determine if there is other work the claimant could perform. Id. The Secretary bears the burden only at the fifth step.
 
 
 17
 Here, the ALJ determined, at the fourth step, that Bartlett's impairment did not lead to any functional limitations. Hence, the ALJ rejected Bartlett's claims at a point before the burden switched to the Secretary. The Secretary was not under an obligation to call a vocational expert.
 
 
 18
 4. New Evidence. Bartlett argues that the Appeals Council should have remanded the case to the ALJ to allow consideration of Dr. Bean's October, 1991 letter, which was written after the ALJ issued his decision. Bartlett argues that the letter shows that Bartlett was unable to perform any work.
 
 
 19
 When new evidence is submitted to the Appeals Council, the Appeals Council must "evaluate the entire record including the new and material evidence submitted .... [and] review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); cf. Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996).
 
 
 20
 The Appeals Council was not required to remand to the ALJ. The Appeals Council examined the evidence, and determined that it did not reveal any errors on the ALJ's decision. As the Magistrate correctly concluded, the letter neither focused on nor clarified the plaintiff's mental condition during the insured status. Accordingly, the Appeals Council properly considered the new evidence from Dr. Bean, and correctly concluded that it did not reveal error by the ALJ.
 
 
 21
 We have considered all of the arguments raised by Bartlett, and find them to be without merit.
 
 
 22
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 23
 Circuit Judges.