**Robert G. BINDER, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 01 CV 8519(ADS).**

United States District Court, E.D. New York.

March 13, 2004.

Robert G. Binder, Bethpage, NY, Plaintiff Pro Se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Gail A. Matthews, Assistant United States Attorney Central Islip, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Robert G. Binder ("Binder" or the "plaintiff") commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the final determination of the Commissioner of Social Security (the "Commissioner") denying him social security insurance ("SSI") benefits retroactive to the period prior to his application date in 1987. Both parties move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

Binder was born on October 1, 1923 and has a long history of traumatic brain injury, which he incurred when he was 10 months old. Although the record shows that the plaintiff's initial application for SSI benefits was apparently lost, the parties do not dispute that Binder first filed for SSI benefits in 1987, claiming disability due to his brain injury. More than nine years later, on October 4, 1996, a hearing was finally conducted before Administrative Law Judge ("ALJ") Daniel Slattery. In a decision dated October 4, 1996, ALJ Slattery concluded that the plaintiff was disabled for purposes of eligibility for SSI benefits. Pursuant to the ALJ's determination, Binder received SSI benefits relating back to the 1987 application filing date and currently receives SSI benefits.

The plaintiff challenged ALJ Slattery's decision on the ground that he should have been found eligible for SSI benefits retroactive to 1980, when he became unable to work. On September 8, 1998, the plaintiff requested reconsideration, which was denied. On November 28, 1998, Binder requested a hearing with regard to this particular issue before an ALJ. On February 12, 1999, the plaintiff, who was represented by an attorney, appeared at a hearing before ALJ Emanuel Poverstein.

At the time of the hearing, the plaintiff testified that he was 75 years old. According to the plaintiff, he worked a number of low income and non-income producing jobs throughout his life and was never able to work on a full-time basis due to his injury. However, despite his injury, the plaintiff testified that he was able to obtain several academic degrees from several universities, including a Master's Degree in Ecology from Purdue University. Binder stated that his family members helped support him financially. The plaintiff explained that he did not file an SSI application until 1987 due to his lack of knowledge of the SSI program.

On February 26, 1999, ALJ Poverstein issued a decision that the plaintiff was not eligible for SSI benefits dating back to 1980. The plaintiff filed a request for review with the Appeals Council. On December 19, 2001, the Appeals Counsel declined to review the claim, making ALJ Poverstein's decision the final administrative determination. This case followed.

## II. DISCUSSION

### A. Standard of Review

A Court may set aside a determination by the Commissioner only if the decision is based on legal error or is not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel,* 174 F.3d 59, 61–62 (2d Cir.1999). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Rather, substantial evidence requires enough evidence that a reasonable person "might accept as adequate to support a conclusion." *Brown,* 174 F.3d at 62–63.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "to examine the entire record, including contradictory evidence and evidence from which conflicting interferences can be drawn." *Id.* at 62 (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d Cir.1983) (per curiam)). In addition, the Court is mindful that "it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). Indeed, in evaluating the evidence, " 'the court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon de novo review.' " *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (quoting *Valente v. Secretary of Health & Human* Servs., 733 F.2d 1037, 1041 (2d Cir.1984)).

## B. Analysis

█ Federal disability insurance benefits are available to those individuals who are "disabled" within the meaning of the Act. *See* 42 U.S.C. § 423(a), (d). The Act makes clear that the amount of benefits to be paid is determined from "the month in which an application for benefits becomes effective...." 42 U.S.C. § 1382(c)(2). A claimant may not be awarded SSI benefits for the months preceding the month of the application filing date. *See* 42 U.S.C. § 1382(c)(7) ("an application of an individual for benefits ... shall be effective on the later of (A) the first day of the month following the date such application is filed, or (B) the first day of the month following the date such individual becomes eligible for such benefits with respect to such application."); *see also, Mattei v. Barnhart,* 2003 WL 23326027, at *1 n. 1, 2003 U.S. Dist. LEXIS 24649, at *2 n. 1 (E.D.N.Y. Dec. 31, 2003);

The Commissioner's regulations also state that SSI benefits are not payable prior to the effective date of the SSI application. At the time the time Binder filed his SSI application in 1987, the regulations provided that a claimant was not entitled to SSI benefits "for any months before the month [the claimant] filed an application." 20 C.F.R. § 416.335 (1987). The regulations currently provide that if a claimant files an application in the month that he meets all the other requirements for eligibility, the earliest month for which he can be paid SSI benefits is the month following the month he filed the application. 20 C.F.R. § 416.335 (1999). Furthermore, if the claimant files an application after the month he first meets all the other requirements of eligibility, the regulation provides that he cannot be paid for the month in which his application is filed or any months before that month. 20 C.F.R. § 416.335 (1999); *see O'Connell v. Apfel,* No. 97 Civ. 6680, 1999 WL 97905, at *2, 1999 U.S. Dist. LEXIS 1892, at *5 (E.D.N.Y. Feb. 19, 1999). In sum, the history of the regulation demonstrates that the plaintiff may not be awarded SSI benefits for any period of time prior to the month the SSI application is filed.

█ The plaintiff does not dispute, and substantial evidence supports, that he did not file a SSI application until at least 1987. However, he contends that he did not file his SSI application earlier because he was unaware of the SSI program. As the Commissioner points out, a lack of knowledge of the applicable rules does not fall within one of the circumstances when the Social Security Administration could recognize an earlier application filing date. *See* 20 C.F.R. § § 416.340, § 416.345 and 416.350. Because the statutory and regulatory provisions preclude retroactivity of SSI benefits for the period prior to the filing of the SSI application, the Court finds that ALJ Poverstein properly concluded that Binder is not entitled to re-

ceive retroactive SSI benefits back to 1980. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

### III. CONCLUSION

Based on the foregoing, it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings affirming her decision that the plaintiff is not entitled to SSI benefits prior to his 1987 filing date is **GRANTED** and the complaint is dismissed; and it is further

**ORDERED**, that Binder's motion for judgment on the pleadings is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**