**Felix VALENTIN, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 03 Civ. 7273(VM).**

United States District Court, S.D. New York.

Oct. 21, 2004.

Felix Valentin, New York City, Pro se.

Susan D. Baird, United States Attorney's Office, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Felix Valentin ("Valentin") brings this action for review of the final determination by the Commissioner of Social Security (the "Commissioner") denying Valentin's claims for Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"), 42 U.S.C. § 405(g) (" § 405(g)"). The Commissioner moves for judgment on the pleadings on the grounds that the determination of the Administrative Law Judge ("ALJ") is supported by substantial evidence. Valentin opposes the motion and requests a remand for further administrative proceedings. For the reasons discussed below, the Court denies the Commissioner's motion and remands the case to the Commissioner for further proceedings.

### I. BACKGROUND[1]

On June 17, 1998, Valentin applied for disability insurance and SSI benefits. His claim was denied initially and on reconsideration. He then requested a hearing before an ALJ, which took place on May 24, 2001. At the hearing, Valentin withdrew

---

1. The facts are derived from the administrative record ("Rec."), which was filed as part of the Government's answer. Except where necessary, the Court will not specifically cite to the record any further.

his request for disability insurance benefits.

The vocational expert in this case (the "VE") testified at the hearing that Valentin's previous employment in Puerto Rico required a heavy level of physical exertion and that his most recent job as a janitor at McDonald's required only a medium level of physical exertion. The medical evidence in the record and testimony from the hearing describe Valentin's history of treatment from January 1998 to May 2001 for diabetes, mild hypertension, and various aches and pains. The record reflects diagnoses from Valentin's treating physicians and the Commissioner's consulting physicians. The medical reports reveal similar findings, namely diabetes, mild hypertension, and various limitations to his ability to perform work-related activities.

On July 26, 2001, the ALJ denied Valentin's SSI application. The ALJ based his decision on the VE's testimony that Valentin's McDonald's job required only a medium level of physical exertion. The ALJ concluded that Valentin had the residual functional capacity ("RFC")[2] to perform his past work at a medium level of physical exertion. (*See* Rec. at 18–19.) The ALJ's decision became the final decision of the Commissioner on June 25, 2003.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

■ Under the Act, "the [federal district] court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's scope of review of a disability determination entails a two-step inquiry. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir.1998); *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). First, the Court must decide "whether [the agency] applied the correct legal principles in making the determination," and second, "whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

■ Under the second prong of this test, "the term 'substantial' does not require that the evidence be overwhelming, but it must be 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Miller v. Barnhart*, 01 Civ. 2744, 2004 WL 1304050, at *5 (S.D.N.Y. May 6, 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). If the Court finds substantial evidence in the record, "the Commissioner's determination of fact is conclusive," even where the reviewing court disagrees. *Gonzalez ex rel. Gonzalez v. Barnhart*, 03 Civ. 6607, 2004 WL 1460634, at *2 (S.D.N.Y. June 28, 2004); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.1982) ("We would be derelict in our duties if we simply paid lip service to ... [the substantial evidence] rule, while shaping our holding to conform to our own interpretation of the evidence.") (citation omitted). Thus, the reviewing court is precluded from undertaking a *de novo* review. *See Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir.1991).

### B. *DISABILITY DETERMINATIONS*

The Act defines disability as an "inability to engage in any substantial gainful

---

2. Regulations promulgated by the Commissioner of the Social Security Administration define RFC as an individual's ability to do sustained work-related activities in a work setting on a regular and continuing basis, after taking into account the effects of physical and/or mental limitations. *See* 20 C.F.R. § 416.945; Social Security Ruling 96–8p, 1996 WL 374184, at *1.

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The effect of the physical or mental impairment must be

> of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The Social Security Administration has established a five-step procedure for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a)(4). A finding of no disability at any one step ends the inquiry without proceeding to the sequential step. *See id.* First, the ALJ asks whether the claimant is currently engaged in substantial gainful activity. If not, at step two, the ALJ determines whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. Third, if the claimant suffers a "severe impairment" that is listed in Appendix 1 of the regulations,[3] there is a presumption of disability. Fourth, if the claimant's "severe impairment" is not listed in Appendix 1, the ALJ determines whether the claimant has the RFC to perform previous work the claimant performed. Finally, at step five, if the claimant is unable to perform past relevant work, or has no previous work history, the ALJ ascertains whether there is other work that the claimant is capable of performing in light of the RFC. *See id.; see also Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999) (citing *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982) (per curiam)); *Morillo v. Apfel,* 150 F.Supp.2d 540, 545 (S.D.N.Y.2001).

The burden lies with the claimant to prove the requirements of the first four steps, but shifts to the Commissioner at step five. *See Perez v. Chater,* 77 F.3d 41, 46 (2d Cir.1996); *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981).

### C. *APPLICATION*

■ There is no dispute between the parties as to the first three steps of the ALJ's disability determination. With respect to the fourth step, whether Valentin has the RFC to perform his past work, the VE testified at Valentin's hearing that all of Valentin's work experience prior to his job at McDonald's was classified under "heavy" physical exertion. However, the VE then classified Valentin's janitorial position at McDonald's as requiring only a "medium" level of physical exertion—relying on the description of "Cleaner" under the Dictionary of Occupational Titles ("DOT") code of 381.687–014. (*See* Rec. at 56.) Contrary to the VE's testimony, however, the DOT classifies "Cleaner" in a restaurant, including fast food-type restaurants like McDonald's, into a category of "heavy" physical exertion. (*See* DOT Code 381.687–014, *available at* http://www.oalj.dol.gov/public/dot/refrnc/dot03b.htm.) In denying Valentin's claim, the ALJ noted that Valentin's "combination of 'severe' impairments does preclude him from performing" the work he did prior to McDonald's because those jobs were "at the heavy exertional level." (Rec. at 18.) However, the ALJ considered the "medium" standard to

---

**3.** "Appendix 1" and "the Appendix" refer to 20 C.F.R. Pt. 404, Subpt. P.App. 1, § 12.00.

which the VE erroneously testified in finding that Valentin is able to perform his past janitorial work. (*Id.*) Thus, the Court agrees with Valentin that the ALJ's determination that Valentin is able to return to past work as a janitor was premised on the mischaracterization of Valentin's work as requiring only "medium" physical exertion.

In this regard, the instant case is not unlike *Mimms v. Heckler*, 750 F.2d 180 (2d Cir.1984), where there was a direct and unexplained contradiction between a DOT classification and the vocational expert's testimony, apparently resulting from human error. In *Mimms*, the vocational expert testified before an ALJ that the claimant could perform sedentary work, but then identified jobs that would have required the claimant to perform light work. The Second Circuit held that the Commissioner had failed to demonstrate the existence of substantial sedentary employment opportunities and remanded the case for further proceedings. *See id.* at 186. The same result is warranted here.

The Court is persuaded that the erroneous testimony by the VE in this case invalidates the ALJ's finding that Valentin would be able to perform his past work under the fourth step of the sequential evaluation procedure for disability claims.[4] Having made this finding, the ALJ never performed the fifth and final step by applying the medical evidence to the universe of jobs available in the economy in order to determine whether there is other work which Valentin could perform. Accordingly, the Court denies the Commissioner's motion for judgment on the pleading and remands this case to the Commissioner for further consideration. On remand, the ALJ should consider whether the record, and in particular the medical evidence therein, supports a finding that Valentin can return to his past work under the proper DOT standard. If the ALJ finds that Valentin cannot return to such work, the ALJ must then apply the fifth and final step of the sequential evaluation procedure as discussed above.

## III. *ORDER*

For the stated reasons, it is hereby

**ORDERED** that the motion of defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), for judgment on the pleadings is DENIED; and it is further

**ORDERED** that the Commissioner's denial of plaintiff Felix Valentin's claim for Social Security benefits is vacated and the claim is remanded for additional administrative proceedings. This remand is ordered pursuant to sentence four of 42 U.S.C. § 405(g). Accordingly, the Clerk of Court is directed to enter a final judgment remanding the case. This Court retains jurisdiction over this case for the purposes

---

4. The Court is mindful that the Second Circuit in *Jasinski v. Barnhart*, 341 F.3d 182 (2d Cir.2003), expressed some doubt that in all cases "when the vocational expert's testimony conflicts with the [DOT's] description, the expert's testimony does not constitute substantial evidence to support a finding that jobs are available." *Id.* at 185. However, unlike the VE in this case who misstated the level of physical exertion by an entire level, the vocational expert in *Jasinski* modified the claimant's past work from "light" to "sedentary to light" after the vocational expert had the opportunity to evaluate the claimant's descrip-

tion of the job and all its attendant subtleties. *See id.* at 184–85. Thus, the vocational expert in *Jasinski* could competently consider whether the claimant's present limitations foreclosed a return to those precise work activities. In contrast, the VE in this case merely made a general assessment of Valentin's job description as characterized by the DOT. All the VE knew about Valentin's job at McDonald's was that he was a janitor, and the VE used the general category of DOT code 381.687–014 erroneously to describe the level of physical exertion that a janitorial job would require. (*See* Rec. at 56.)

of enforcement of this Order in connection with any future proceedings related to this application.

The Clerk of Court is directed to close this case.

**SO ORDERED.**