Gladys SNEAD, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 04 CIV. 3741(RJH).

United States District Court,
S.D. New York.

Jan. 23, 2007.

Gladys Snead, Bronx, NY, Pro se.

John E. Gura, United States Attorney,
Southern District of New York, New York
City, for Defendant.

### DECISION AND ORDER

HOLWELL, District Judge.

On or about May 17, 2004, plaintiff
Gladys Snead commenced this action pur-
suant to sections 205(g) and 1631(c)(3) of
the Social Security Act, as amended, 42
U.S.C. § 405(g) and § 1383(c)(3), seeking
court review of an administrative law
judge's ("ALJ") decision, dated September
21, 2002, to deny plaintiff's application for
Social Security Disability Insurance bene-
fits because of the ALJ's finding that
plaintiff was not disabled. This became
the final decision of the Commissioner of
Social Security ("Commissioner") on Janu-
ary 31, 2004, when the Social Security
Administration Appeals Council denied
plaintiff's request for review.

On November 7, 2005, United States
Magistrate Judge Ronald L. Ellis, to
whom the matter had been referred, is-
sued a thorough Report and Recommenda-
tion ("Report"), concluding, among other
things, that "there was substantial evi-
dence for the ALJ's conclusions" and rec-
ommending that this Court grant the Com-
missioner's motion for judgment on the
pleadings. (Report at 7–8.) The Report
advised the parties that "[p]ursuant to
Rule 72, Federal Rules of Civil Procedure,
the parties shall have ten (10) days after
being served with a copy of the recom-
mended disposition to file written objec-
tions to this Report and Recommenda-
tion." (Report at 8.) No objections have
been received from the parties as of this

date. For the reasons set forth below, the Report is adopted in its entirety.

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.,* 234 F.Supp.2d 313, 316 (S.D.N.Y.2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson,* 618 F.Supp. at 1189. If a party fails to object to a report within 10 days of being served with the report, that party waives their right to object and appellate review of the district court's decision adopting the report, absent unusual circumstances, is precluded. *See United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997).

Because no objections were made to the Report, the court examined it only for clear error. Having concluded that no such error appears on the face of the record, the Court hereby adopts the Report in its entirety, and grants the Commissioner's motion. The Report is attached in its entirety at the end of this opinion. The Clerk shall close this case.

SO ORDERED.

## REPORT AND RECOMMENDATION

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Plaintiff Gladys Snead ("Snead") filed a complaint on May 17, 2004, seeking review of the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability benefits under Titles II, 42 U.S.C. § 401; and XVI, 42 U.S.C. § 1382, of the Social Security Act ("the Act"), and rendering her ineligible for disability insurance and Supplemental Security Income ("SSI") benefits. This matter was referred to the undersigned by District Judge Richard J. Holwell on June 18, 2004.

The Commissioner subsequently moved for judgment on the pleadings and to dismiss the complaint. For the reasons set forth below, I recommend that the Commissioner's motion be **GRANTED**.

### II. BACKGROUND

#### A. Procedural History

Snead has suffered from depression and hepatitis C since January 1997. Tr. 57, 61.[1] Alleging that these conditions keep her from working, she filed an application for SSI benefits on June 3, 1999. Tr. 57–59. The application was denied initially, Tr. 34–37, and again on reconsideration, Tr. 40–43. Snead requested, and received, a hearing before an administrative law judge ("ALJ"). Tr. 15–31, 44–45. On September 26, 2000, the ALJ issued a decision finding she was not disabled. Tr. 7–14. The Appeals Council denied Snead's request for review, and the ALJ's decision became the Commissioner's final decision. Tr. 3–4.

Thereafter, Snead filed her initial action in this Court. On December 6, 2001, the Court so-ordered the parties' stipulation, and remanded the case to the Social Security Administration for further administrative proceedings.[2] On July 16, 2002, Snead

---

1. "Tr." refers to the specific pages in the administrative record filed by the Commissioner as part of her answer, pursuant to 42 U.S.C. § 405(g).

2. The order remanding the case was made under the fourth sentence of 42 U.S.C. § 405(g) and, accordingly, judgment was entered and the action was dismissed.

appeared with her attorney for a hearing on remand. Tr. 458–73.[3] On September 21, 2002, the ALJ issued a decision finding that Snead was not disabled. Tr. 443–56. The ALJ's decision became the final decision of the Commissioner on January 31, 2004, when the Appeals Council denied Snead's request for review. Tr. 438–40. Snead then filed this action.

## B. Snead's Testimony

Snead was born on September 24, 1950, and completed the tenth grade in school. Tr. 23, 24. She testified that she has never worked. Tr. 24. When asked whether she had difficulty traveling by bus and train, she indicated that she was afraid to travel by train, because she did not like to go into the tunnels. Tr. 23.

Snead complained of fatigue, rashes, and pain due to hepatitis C. Tr. 24, 465–66. She stated that she did not take any medication for her condition. Tr. 464. She testified initially that while on medication, her depressed feelings were under control and she did not experience panic attacks. Tr. 25–26, 29. At her second administrative hearing, however, Snead stated that her depression had become worse and she indicated that she did not "want to do anything." Tr. 469.

With respect to physical functioning, Snead testified that she could sit for up to ten minutes and stand for only five minutes. Tr. 468. She also claimed that she could not hold objects for long because her hands become numb. *Id.* At her first hearing she testified that she took care of her own household by cooking, cleaning, and shopping. Tr. 26. She also walked her dog. *Id.* During the second hearing, Snead testified that her brother helped her

shop. Tr. 469. She indicated that she did some reading, but did not watch television. Tr. 470. She traveled alone to her medical appointments by bus. *Id.*

## C. Medical Assessments of Snead's Condition

Beginning in 1996, Snead has had numerous medical examinations by doctors and other professionals for symptoms related to her depression and hepatitis C. The ALJ's determination of Snead's disability claim considered the entire history, referencing many of the doctors' evaluations. Snead reported to her doctors that she had a long history of alcohol and drug abuse, but that these conditions were in full remission. Tr. 90–92, 547. Three doctors determined Snead suffered from a form of depression. Tr. 128–29 (major depression and panic disorder), 416 (major recurrent depressive disorder), 551 (adjustment disorder with anxious mood). Snead told the doctor she saw most regularly that she heard voices, and he adjusted her medication. Tr. 420–21. She reported the hallucinations ceased after the adjustment. *Id.* Four doctors reported Snead's affect was appropriate. Tr. 128, 420, 548, 849–50. Three of these doctors also reported Snead had coherent thoughts or that she was oriented. Tr. 128, 420, 548. One doctor's report indicated Snead had the mental capacity to work, Tr. 93 (fair insight and judgment; ability to perform simple math equations; ability to understand, carry out, and remember instructions), but another stated that her concentration and memory were impaired. Tr. 129. This latter doctor also reported Snead had a diminished capacity to respond appropriately in the workplace or

---

**3.** While the civil action regarding Snead's June 1999 application was pending in district court, Snead filed a second application for SSI benefits on May 25, 2001. Tr. 491–93. This application was denied, Tr. 487–90, and

Snead requested a hearing. Tr. 485. The ALJ combined the two pending applications at Snead's July 2002 administrative hearing. Tr. 460.

function on her own in society. Tr. 129. Snead complained of other physical ailments in addition to hepatitis C, including back pain and arthritis, but two doctors found that she was physically capable of the movements necessary to work despite these complaints. Tr. 90–92, 849–50.

## III. DISCUSSION

### A. Standard of Review

The reviewing court does not assess the claimant's eligibility *de novo*. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.1996); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir.1991). The court must uphold a denial of benefits that is supported by substantial evidence, *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990), even where the court's independent analysis of the evidence would differ from the Commissioner's. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.1982). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)), "in light of other evidence that detracts." *Alston*, 904 F.2d at 126.

### B. Determination of Disability

The Act's definitions of disability for determining eligibility for disability insurance and for SSI benefits are substantially the same. *Hankerson v. Harris*, 636 F.2d 893, 895 n. 2 (2d Cir.1980). To qualify for disability benefits, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1994). A claimant is not considered disabled if she can engage either in her previous work or in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c (a)(3)(B).

Social Security regulations set forth a five-step inquiry by which the Commissioner is to evaluate a claim for SSI disability benefits:

1. Is the claimant is currently employed?

2. If the claimant is not employed, does she have a "severe impairment" limiting her capacity to work?

3. If the claimant has a severe impairment, is the impairment one enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1? If the claimant has an enumerated impairment, the Commissioner will find the claimant disabled.

4. If the claimant does *not* have a listed impairment, does she possesses the residual functional capacity to perform her past relevant work?

5. If the claimant is unable to perform her past work, is there other work which she could perform, considering her physical capacity as well as her age, education, experience, and training?

*See* 20 C.F.R. §§ 404.1520, 416.920 (2005); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir.1996). At this final step, the Commissioner must "produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only [her] physical capability, but [also] [her] age, [her] education, [her] experience and [her] training." *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980). *See Balsamo v. Chater*, 142 F.3d 75, 79–80 (2d Cir.1998).

## C. The ALJ Decision is Supported by Substantial Evidence

As Snead had not previously been employed, the ALJ passed to step two of the disability determination. The ALJ found that Snead's hepatitis C, arthritis, and history of substance of abuse were not severe impairments. Tr. 448. This decision was supported by Snead's treating doctors who indicated that neither of these conditions caused physical limitations, Snead did not take medication for hepatitis C, and she showed no objective findings of arthritis. *See* Tr. 90, 464, 525, 805, 848, 850. Snead's doctors and social workers also indicated her substance abuse was in "total" remission and that she had no current symptoms. *See* Tr. 95, 126, 776, 852.

The ALJ did find that Snead's mental condition was a severe impairment, but not "so severe that it meets or equals [the] criteria" listed in 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. § 404.1511. *See* Tr. 448, 455. The ALJ then found that Snead had the residual functional capacity to perform the exertional requirements of work at all levels. Tr. 452, 455. Although Snead had no past work experience, the ALJ determined that she was not disabled because she was capable of performing work that existed in the national economy, considering her age, education, and residual functional capacity. Tr. 455.

The ALJ's decision is supported by substantial evidence. While three doctors diagnosed Snead with a depression-related disorder, Tr. 128–29, 416, 551, they also determined that the disorder was not severe or disabling as her affect was appropriate and her speech and thought were logical and coherent. Tr. 128, 420, 548. Snead's report of hallucinations had been resolved with medication. Tr. 421, 749, 785. Two doctors reported her concentration, memory, and attention were intact. Tr. 548, 550, 855. A SSA examining physician found that Snead had a good ability to understand, carry out, and remember instructions, and a fair ability to respond to supervision and coworkers in a work setting. Tr. 93. One doctor contradicted this finding, instead concluding that Snead would have difficulty responding appropriately in the workplace. Tr. 129. The ALJ's decision that Snead's impairment was not severely limiting is supported by substantial evidence despite this one contradictory finding. The ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony." *Fiorello v. Heckler,* 725 F.2d 174, 176 (2d Cir.1983).

While Snead did not have any physical limitations, the ALJ found that her mental condition resulted in some nonexertional impairments, which, combined with her lack of work experience, limited her to unskilled, simple work. Tr. 453. Based on this determination, the ALJ applied 20 C.F.R. part 404 of the medical vocational guidelines to conclude Snead was not disabled. Tr. 455. "[A]pplication of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis. If the guidelines adequately reflect a claimant's condition, then their use to determine disability status is appropriate." *Bapp v. Bowen,* 802 F.2d 601, 605–06 (2d Cir.1986). The ALJ adequately identified and considered Snead's non-exertional impairment, her depression, and determined that her functional capacity for simple and unskilled work was not significantly reduced by her mental health. Although the ALJ did not state that Snead's depression had *no* bearing on her ability to work, the ALJ noted her lack of exertional limitations and evaluated her minimal non-exertional limitations, pointing to her own doctors' findings. The Court finds there was substantial evidence for the ALJ's conclusions.

## IV. CONCLUSION

For the reasons set forth above, I recommend that defendant's motion be GRANTED. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) *(per curiam )*; 28 U.S.C. § 636(b)(1) (West Supp.1995); Fed. R.Civ.P. 72, 6(a), 6(e).