11-2241-cv
Britt v. Astrue

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD M. BERMAN,[*]
> > *District Judge.*

------------------------------------------------------------

DAVID L. BRITT, SR.,

> *Plaintiff-Appellant*,

v.                                              11-2241-cv

MICHAEL J. ASTRUE,
Commissioner of Social Security,

> *Defendant-Appellee.*

------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:            KAREN SOUTHWICK, (Howard D. Olinsky, Jaya Shurtliff, *on the brief*) Olinsky & Shurtliff, Syracuse, New York.

--------------------------------

[*] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR DEFENDANT-APPELLEE:                    SIXTINA FERNANDEZ, Special Assistant
                                           United States Attorney, (Mary Ann Sloan,
                                           *on the brief*) for William J. Hochul, Jr.,
                                           United States Attorney for the Western
                                           District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of

New York (Telesca, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David L. Britt, Sr., appeals from a district court order affirming the

Commissioner of Social Security's denial of his application for disability insurance and

supplemental security income benefits under the Social Security Act.  We assume the parties'

familiarity with the underlying facts and procedural history of the case, including the findings of

Administrative Law Judge ("ALJ") Michael J. Friedman, which we reference only as necessary

to explain our decision.

"In reviewing a district court's decision upholding a decision of the Commissioner, we

review the administrative record *de novo* to determine whether there is substantial evidence

supporting the Commissioner's decision and whether the Commissioner applied the correct legal

standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks and

citation omitted).  "Substantial evidence means more than a mere scintilla.  It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citations

omitted).

Under the Social Security Act a "disability" is an "inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which

2

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Social Security Administration Commission created a five-step sequential evaluation process. 20 C.F.R. § 404.1520.

Britt argues that the ALJ erred at step two when he determined that Britt's obesity and arthritis were not severe impairments. Britt's argument is without merit because he did not furnish the ALJ with any medical evidence showing how these alleged impairments limited his ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a).

Britt claims that the ALJ erred at step three when he found that Britt's right knee impairment did not meet the requirements of Listing 1.02. To meet the requirements of Listing 1.02, Britt had to show that he had a major dysfunction of his knee. 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 1.00(B)(2)(b)(1). Britt asserts that he suffered a "gross anatomical deficiency" in his right knee, but Dr. Colucci's examination found only a "very slight degenerative change." Similarly, Dr. Colucci's report regarding Britt's tendinitis found that it was "improved" and that Britt's knee was not "catching" or "giving way." There was thus substantial evidence upon which the ALJ properly determined—as he explained in his decision—that Britt's knee problem did not meet the qualifications of Listing 1.02.

Britt also argues that the ALJ's residual functional capacity finding was unsupported by substantial evidence and that the ALJ neglected to apply and explain the "treating physician's rule." The ALJ, however, did have substantial evidence to support his residual functional capacity finding. That evidence was comprised of the reports and opinions of Dr. Colucci, Dr. Capicotto, and Dr. Coyle. Nor did the ALJ err in not affording treating physician Dr.

Wadsworth's report controlling weight. That report was written in 2009, and it did not relate Britt's impairment to the 2001 to 2004 time period relevant to his claim. *See Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). It was also not consistent with other substantial evidence in the record. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). While we do not encourage an ALJ to omit providing reasons for not affording the treating physician's views controlling weight, we will tolerate the omission when it is clear, as here, that the ALJ has applied the substance of the treating physician rule. *Halloran*, 362 F. 3d at 32.

Britt claims that the ALJ did not use the proper legal standard to assess Britt's credibility, but that argument is without merit. The ALJ explicitly stated that he had considered the factors enumerated in 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p to determine that Britt's reports of disabling levels of pain were inconsistent with other evidence in the record.

Lastly, Britt asserts that, because he had significant nonexertional limitations, the ALJ erred by failing to consult a vocational expert. Britt's nonexertional limitations were his inability to kneel, squat, or climb stairs. These nonexertional limitations, however, are not significant in this context because they would not cause an additional loss of capacity for Britt to perform the sedentary work that the ALJ found Britt had the residual functional capacity to perform. *See Zabala*, 595 F.3d at 411; *see also* Social Security Ruling 96-9p.

We have considered Britt's remaining arguments and find them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4